## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGE M. CLAY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1463**  (BOR Appeal No. 2047261)
(Claim No. 960006753)

**U. S. STEEL MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George M. Clay, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. U. S. Steel Mining Company, LLC, by Howard Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 3, 2012, in which the Board affirmed a May 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 3, 2010, decision denying Mr. Clay's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clay applied for permanent total disability benefits following the receipt of multiple injuries in the course of his employment as an underground coal miner. Mr. Clay has undergone numerous vocational evaluations to determine the extent of his disability.

On November 10, 2000, Jukey Dotson, M.S., P.T., performed a functional capacity evaluation and determined that Mr. Clay is employable at the light physical demand level, but requires the opportunity to change positions from sitting to standing. Mr. Clay began consulting

1

with James Williams, M.Ed., L.P.C, C.R.C., a rehabilitation specialist, in January of 2001. On January 5, 2001, Mr. Williams concluded that Mr. Clay is employable at the light physical demand level, currently possesses transferrable occupational skills, and has the capacity to gain new occupational skills. On February 14, 2001, Mr. Williams noted that Mr. Clay declined to participate in vocational rehabilitation, but agreed to participate in a job placement program. On April 15, 2001, Mr. Williams completed a vocational closure report. In his closure report he opined that Mr. Clay is employable at the light physical demand level and is a candidate for vocational training. He then noted that Mr. Clay declined to participate in a retraining program offered by his employer, and chose to forgo an additional job search in favor of pursuing a Social Security Disability award and retirement.

Errol Sadlon performed a rehabilitation evaluation on July 19, 2002. Mr. Sadlon concluded that Mr. Clay has no transferrable skills, is unable to participate in vocational rehabilitation, and is unable to perform at even the sedentary physical demand level as a result of his occupational injuries. Mr. Sadlon reiterated his conclusions in additional vocational reports dated March 11, 2008, and December 10, 2010.

On May 17, 2010, the Permanent Total Disability Review Board issued its final recommendations and determined that Mr. Clay's request for permanent total disability benefits should be denied. It took note of testimony from vocational consultant Casey Vass, R.N., M.S., C.R.C., C.L.C.P., Q.R.P., who testified that Mr. Clay retains the ability to engage in gainful employment at the light physical demand level. The claims administrator denied Mr. Clay's request for permanent total disability benefits on June 3, 2010.

Arthur Lilly, M.S., A.T.C., performed a second functional capacity evaluation on June 20, 2011, and concluded that Mr. Clay is not permanently and totally disabled and is capable of working at the light physical demand level. Lisa Westfall, M.A., L.P.C., L.S.W., Q.R.P., C.R.C., performed a rehabilitation evaluation on September 12, 2011, and concluded that Mr. Clay is not permanently and totally disabled. Finally, Deborah Frost, M.S., C.R.C., L.P.C., Q.R.P., authored a vocational rehabilitation report on September 30, 2011. She concluded that Mr. Clay is physically capable of working at the light physical demand level and is intellectually capable of attaining additional transferrable skills.

In its Order affirming the June 3, 2010, claims administrator's decision, the Office of Judges held that Mr. Clay is capable of engaging in substantial gainful employment and is therefore not permanently and totally disabled. Mr. Clay disputes this finding and asserts that the vocational evidence of record demonstrates that he is unable to engage in gainful employment.

In a prior decision dated January 20, 2010, the Office of Judges ordered the claims administrator to enter a finding that Mr. Clay met the requisite whole person impairment threshold necessary for further consideration of a permanent total disability award. The Board of Review affirmed the Office of Judges' January 20, 2010, Order and this Court, in turn, affirmed the Order of the Board of Review. Therefore, the issue in the instant appeal is whether Mr. Clay is capable of engaging in substantial gainful employment. Pursuant to West Virginia Code § 23-

2

4-6(n)(2) (2005), in order to receive a permanent total disability award, a claimant must be unable to engage in substantial gainful employment.

In making its determination, the Office of Judges relied on the opinions of Mr. Dotson, Mr. Lilly, Mr. Vass, Ms. Westfall, Ms. Frost, and the Permanent Total Disability Review Board, who unanimously determined that Mr. Clay is employable at the light physical demand level. Therefore, the Office of Judges concluded that the preponderance of the evidence demonstrates that Mr. Clay is functioning at the light physical demand level with some restrictions. Further, the Office of Judges found that despite being identified as a candidate for vocational training, Mr. Clay declined an opportunity to participate in a retraining program and voluntarily withdrew from the assistance of vocational placement services. Finally, the Office of Judges concluded that in light of the entire evidentiary record, Mr. Sadlon's conclusion that Mr. Clay is unable to engage in gainful employment is not persuasive. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of December 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman